IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY L. HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:15cv76-WKW |
| | ) |
| DOLGENCORP, LLC., | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case was filed in this court on January 29, 2015, by the *pro se* plaintiff. On March 31, 2015, the court set this matter for a status and scheduling conference on April 22, 2015. (Doc. # 13). In the March 31, 2015 order, the court specifically warned:

> *The plaintiff is specifically advised that if she fails to appear as required by this order, the court will treat her failure to appear as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.*

(Doc. 13) (emphasis in original)).

On April 22, 2015, counsel for the Defendant appeared in court in accordance with the court's order; the plaintiff did not. Consequently, on April 22, 2015, the court issued an order directing the plaintiff on or before May 6, 2015, to show cause why this case should not be dismissed for want of prosecution. (Doc. # 14). The plaintiff was specifically cautioned that if she failed to respond as required by the order, the court would treat her failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned would recommend that this case be dismissed for such failure.

On April 24, 2015, the envelope containing the plaintiff's copy of the court's March 31, 2015 order was returned to the court marked as undeliverable because the plaintiff is no longer at the address she had provided to the court. On May 6, 2015, the envelope containing the plaintiff's copy of the court's April 22, 2015 order was also returned to the court marked as undeliverable. All parties have an affirmative duty to inform this court of any change of address during the pendency of their actions.

The plaintiff has filed nothing in response to the order of the court, and she has failed to explain her failure to appear on April 22, 2015. The court therefore concludes that this case is due to be dismissed for want of prosecution The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal are appropriate and finds that under the facts of this case dismissal is the proper sanction. The plaintiff is proceeding *in forma pauperis* in this matter. Moreover, the plaintiff has exhibited a lack of respect for this court and its authority as she has failed to respond to the orders entered in this case. It is therefore clear that any additional effort by this court to procure the plaintiff's compliance would be unavailing. Thus, the court finds that the imposition of monetary or other punitive sanctions against the plaintiff would be ineffectual. Consequently, the court concludes that the plaintiff's abandonment of her claims, her failure to comply with the orders of this court and her failure to prosecute this cause of action warrant dismissal of this case.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed for the plaintiff's abandonment of her claims, failure to prosecute this action and

failure to comply with the orders of the court.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 26, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of May, 2015.

        /s/Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE